UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                                       **ORDER**
                                     10-CR-184S (1)

ANTONIO BRIGGS,

                Defendant.

       1.      Defendant Antonio Briggs is charged in three counts of a multi-count, multi-defendant Second Superseding Indictment[1] with conspiring to possess with intent to distribute, and to distribute, quantities of mixtures and substances containing cocaine, cocaine base, heroin, 3,4-methylenedioxymethamphetamine (MDMA), oxycodone, hydrocodone, and marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)–(E), and 846, and using a telephone to facilitate felony drug offenses, in violation of 21 U.S.C. § 843(b).

Upon the Government's motion for Defendant's pretrial detention, the Magistrate Judge conducted a detention hearing and found that Defendant presented a risk of flight and danger to the community. (Text minute entry, Aug. 26, 2010.) The Magistrate Judge subsequently ordered, without prejudice, that Defendant be detained. Defendant moved for reconsideration of detention (Docket No. 46) and the Magistrate Judge held a hearing on the motion on September 20 and 28, 2010. The Magistrate Judge found that Defendant failed to rebut the statutory presumption of detention and, on December 23, 2010, issued

---

[1] The grand jury returned the Second Superseding Indictment on January 20, 2011, naming Defendant in the same number of counts as in the Indictment, filed June 24, 2010, and the Superseding Indictment, filed July 29, 2010, but charging him with an extended period of relevant conduct, an enhanced weight of a controlled substance, and an additional statutory violation.

an Order denying Defendant's motion and ordering his detention. (Docket No. 132.)

Presently before this Court is Defendant's Appeal of the Magistrate Judge's Detention Order. (Docket No. 136.) For the reasons stated below, Defendant's appeal is denied and he shall remain detained pending trial.

2.      Eighteen U.S.C. § 3145(b) provides the mechanism for review of a magistrate judge's detention order by a district judge. Review is *de novo*, but the district judge is permitted to use the factual and evidentiary record developed below when making an independent conclusion. See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

3.      Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142(e). See 18 U.S.C. § 3142(a)(4); United States v. Dillard, 214 F.3d 88, 90–91 (2d Cir. 2000). That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

4.      Also applicable here, given that Defendant is subject to a maximum term of imprisonment of life under Title 21 United States Code Section 841(b), is the rebuttable presumption of both flight and dangerousness. See 18 U.S.C. § 3142(e)(3)(A). Under that provision, it is presumed, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq)." 18 U.S.C. § 3142(e)(3)(A). The

indictment itself furnishes probable cause to believe that a defendant committed the offenses charged.  See United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985).

5.	When the statutory presumption of detention exists, the defendant must present "some evidence contrary to the presumed fact" to rebut the presumption.  United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).  The government retains the burden of persuading the court of the defendant's risk of flight by a preponderance of the evidence, see United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988), and of the defendant's dangerousness by clear and convincing evidence, see Rodriquez, 950 F.2d at 88; 18 U.S.C. § 3142(f).  The remaining strength of the presumption is then weighed along with the factors set forth in 18 U.S.C. § 3142(g), which include (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

6.	To rebut the presumption that no condition or combination of conditions will reasonably assure against his flight or dangerousness, Defendant argues that he has significant ties to the Western New York area, no out-of-state contacts, no history of violence, and no history of mental health issues to corroborate the Government's contention that he may harm himself if released, and, further, that Pretrial Services recommended his release on non-financial bond in its August 27, 2010 Report.

7.	The Court will consider each factor of § 3142(g) in turn.  First, the nature and circumstances of the drug offenses charged are serious.  Congress has specified that

3

courts considering detention of a defendant take into account the significance of a crime involving "a controlled substance." 18 U.S.C. § 3142(g)(1). Here, Defendant is charged with participating in a large-scale drug-trafficking conspiracy involving various controlled substances, including five kilograms or more of cocaine and five grams or more of cocaine base, as well as quantities of heroin, MDMA, oxycodone, hydrocodone, and marijuana. Moreover, Defendant is alleged to have held a principal role in this drug conspiracy case.

The recent Second Superseding Indictment of January 20, 2011, charges Defendant with offenses that carry more substantial criminal penalties than the offenses in previous indictments considered by the Magistrate Judge. If convicted of this conspiracy offense, Defendant faces a mandatory minimum term of imprisonment of ten years[2] and a maximum sentence of life. This Court finds that the nature of Defendant's alleged offenses and his potential for a lengthy period of incarceration provide a motive to flee and weigh against release.

Second, the evidence against Defendant appears to be strong. The Government has proffered evidence of intercepted communications between Defendant and other co-defendants, regarding the alleged purchase and distribution of narcotics. The Government will present recordings from a cellular telephone that investigation revealed to be used by Defendant, as well as from the telephone at Defendant's place of business. Along with information provided by cooperating defendants, the Government will present surveillance of Defendant's clothing business that revealed alleged drug-trafficking arrangements and

---

[2] The Government notes that Defendant's two prior narcotics convictions may increase his mandatory minimum term of incarceration to more than ten years, pursuant to 21 U.S.C. § 841(b). (Government's Memorandum, Docket No. 146, p. 15–16.)

negotiations.

The Government has proffered the transcript of an intercepted communication between Defendant and his father on March 22, 2010, during which Defendant first tells his father that he is presently under surveillance while at Buffalo International Airport and then directs his father to remove something from inside a particular coat in Defendant's clothing store. Defendant asserts that he was directing his father to remove money from one of the coat pockets to protect the money from being seized during a search of his store. (Docket No. 147.) Although Defendant has suggested that the money was from clothing sales at his store, rather than from drug-trafficking, the likelihood that Defendant was directing removal of inculpatory evidence is sufficiently strong to weigh against him.

Defendant argues that even after determining that he was under surveillance while at the airport, he departed from and returned to Buffalo as planned, rather than fleeing. The Government proffered information, however, that a federal employee in the Transportation Security Administration had disclosed this covert surveillance to Defendant, demonstrating the wide reach of Defendant's influence.

Third, Defendant's personal characteristics and history do not warrant pretrial release. This Court notes that Defendant has a criminal history of narcotics convictions.[3] In 1992, Defendant was convicted of attempted possession of a controlled substance and, in 1995, he was convicted of distribution of a controlled substance. Although the parties note that Defendant does not have mental health issues, significantly, the Government indicated that it had received information from a previously-credible confidential source that

---

[3] Defendant's reliance on United States v. Friedman is misplaced. 837 F.2d at 50 (denying pretrial detention where the defendant had strong community ties and *no prior criminal record*).

Defendant had stated an intention to flee or take his own life upon pretrial release. (Audio Recording of Detention Hearing, Aug. 26, 2010; see also Docket No. 146.)

Defendant points out that he has resided in Western New York his entire life, lives here with his wife of fourteen years, and owns a business in Buffalo, New York, which he has operated for the past four years. Nonetheless, this Court finds that Defendant's ties to the Western New York area do not overcome the Government's proffered evidence demonstrating Defendant's motive for flight, nor the statutory presumption that Defendant presents a risk of flight. Indeed, the Government notes that some of Defendant's family members may be involved in drug-trafficking activities as well. Further, the Government contends that evidence reveals that Defendant's clothing business has served as a cover for his alleged drug-trafficking.

Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release weighs in favor of detention. Defendant is charged with serious crimes including possessing a large quantity of drugs and participating in a conspiracy to distribute them. Indeed, Congress created the applicable presumption of detention based on its determination that the type of drug-trafficking alleged in this indictment is a serious danger to the community. United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985) (noting that Congress felt that a significant consideration in determining danger to the community "is the drug network's ability to continue to function while the defendant awaits trial," which poses a significant risk of pretrial recidivism).

Notably, the Government advised the Magistrate Judge that it had received information that members of Defendant's family were attempting to identify the confidential informants in this case, and had indicated that retaliatory action would be taken against the

informants. (Audio Recording of Motion Hearing, Sept. 20, 2010; see also Docket No. 63.)

Finally, although Defendant argues pursuant to the recommendation from Pretrial Services that he be released upon a non-financial bond, the Amended Pretrial Services Report of February 8, 2011, reflects a modified recommendation that Defendant be detained. Indeed, Pretrial Services bases its amended recommendation for detention on the new information indicating efforts on behalf of Defendant to identify and retaliate against the Government's confidential informants.

Defendant argues that his appearance could be reasonably assured by imposing electronic or GPS monitoring, but this Court disagrees. While electronic monitoring diminishes the risk of flight, it does not reduce it to a level so as to reasonably assure Defendant's appearance at future court dates. This Court finds that such monitoring, which would only alert Pretrial Services that Defendant fled, is insufficient in the face of strong evidence that Defendant is both a flight risk and a danger to the community. In light of the information received by the Government indicating Defendant's intent to flee or take his life upon pretrial release, as well as attempts to identify informants for retaliation as the clear and convincing evidence of Defendant's dangerous, this Court finds by a preponderance of the evidence that the conditions proposed, including monitoring and financial bond, are insufficient to reasonably assure Defendant's appearance or protect the safety of the community.

10.    Having considered the above, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community if he were released. Continued detention is therefore required, pursuant to 18 U.S.C. § 3142(e). Accordingly, Defendant's

Appeal of the Magistrate Judge's Detention Order is denied.


        IT HEREBY IS ORDERED, that Defendant's [136] Appeal of the Magistrate Judge's

Detention Order is DENIED.

        FURTHER, that Defendant's pretrial detention shall be maintained pursuant to 18

U.S.C. § 3142(e).

        SO ORDERED.

Date:  March 3, 2011
       Buffalo, New York


                                                s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                                   Chief Judge
                                             United States District Court