UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                               **DECISION AND ORDER**
                                                            10-CR-184S

ANTONIO BRIGGS and
JEFFREY SIDEBOTTOM,

                        Defendants.

## I. INTRODUCTION

Presently before this Court are pre-trial motions of Defendants Antonio Briggs and Jeffrey Sidebottom. (Docket Nos. 194, 198.) Briggs and Sidebottom each seek severance from all remaining co-defendants pursuant to Federal Rules of Criminal Procedure 8 and 14, and request an immediate trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution. In the alternative, Defendants each request reconsideration of their respective orders of detention. For the reasons set forth below, the motions are denied in their entirety.

## II. BACKGROUND

**A.**    **Facts**

This Court assumes the parties' familiarity with the facts and record of proceedings in this case. This case is presently proceeding on its third superseding indictment. This case originated with the filing of a multi-count indictment, under seal, on June 24, 2010, naming 18 defendants, including both Antonio Briggs and Jeffrey Sidebottom. (Docket No. 1.) On July 29, 2010, a federal grand jury issued a sealed Superseding Indictment (Docket

1

No. 2), and on January 20, 2011, a sealed Second Superseding Indictment was issued (Docket No. 142). Most recently, on April 21, 2011, a federal grand jury issued a 30-count Third Superseding Indictment, naming 23 defendants. (Docket No. 202.) Therein, Briggs and Sidebottom are charged with conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and unlawful use of a telephone in connection with the narcotics allegation, in violation of 21 U.S.C. § 843(b).

After conducting a hearing on August 26, 2010, the Honorable Hugh B. Scott, United States Magistrate Judge, directed that Defendant Briggs be detained pending trial. On September 14, 2010, Briggs filed a bail motion, which Judge Scott denied on December 23, 2010. On December 28, 2010, Briggs appealed the Detention Order, and this Court denied Briggs's appeal on March 4, 2011. Briggs thus remains incarcerated.

Following Defendant Sidebottom's detention since October 2010, Judge Scott ordered Sidebottom released from custody on June 8, 2011, to participate in an in-patient program. (Docket No. 228.)

On April 7, 2011, Briggs moved for severance from all remaining co-defendants, and for an immediate trial. (Docket No. 194.) On April 20, 2011, Sidebottom filed his motion seeking the same relief. (Docket No. 198.)

### III. DISCUSSION

In their motions, both Briggs and Sidebottom move for severance from the remaining co-defendants, immediate trial under their Sixth Amendment and statutory speedy trial rights, or, in the alternative, reconsideration of the pretrial detention orders. Both defendants argue that they currently suffer prejudice as a result of their incarceration

because of the difficulty of conferring with counsel on their defense. Defendant Briggs also argues that his continued detention harms his family's financial situation, and Defendant Sidebottom argues that he would be unduly prejudiced by being tried in the company of the remaining co-defendants.

**A.     Defendants' Speedy Trial Act Claims**

   *1.     Severance Requirement*

In cases involving multiple defendants, time is excluded under 18 U.S.C. § 3161(h)(6) for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Interpreting this provision, the Second Circuit has held that in multi-defendant cases, there is a "single speedy trial clock and that delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants." United States v. Byrd, 466 F. Supp. 2d 550, 551-52 (S.D.N.Y. 2006) (citing United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986)).

In order to invoke the reasonableness requirement under subsection (h)(6), a defendant must first move for severance from the co-defendants allegedly responsible for the delay at issue. See United States v. Cephas, 937 F.2d 816, 822 (2d Cir. 1991) ("[T]he duty to inquire into whether a delay caused by a co-defendant is reasonable is triggered only when the defendant has sought severance from the particular defendant who is responsible for the delay at issue.") Both Defendant Briggs and Sidebottom have satisfied this requirement by moving for severance. Therefore, this Court must determine whether the delay was unreasonable under section 3161(h)(6).

### *2. Speedy Trial Act*

The Speedy Trial Act requires the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003) (Arcara, J.), *aff'd*, 547 F.3d 436 (2d Cir. 2008); 18 U.S.C. § 3161(c)(1). The statute, however, excludes certain periods of delay from the Speedy Trial clock. Specifically, 18 U.S.C. section 3161(h)(6) excludes for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." In multiple defendant cases, the only inquiry is whether the delay was reasonable. United States v. Gambino, 59 F.3d 353, 362 (2d Cir. 1995).

Here, four defendants were added in the Second Superseding Indictment issued on January 21, 2011. Neither Briggs nor Sidebottom have alleged that the government has acted in bad faith and there is no other indication that the government acted improperly. Consequently, the delay caused by joining the other co-defendants will be deemed reasonable.

Additionally, 18 U.S.C. § 3161(h)(1)(H) excludes "[a]ny period of . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Id.

If, however, a court cannot decide a pending motion within the 30-day requirement provided in section 3161(h)(1)(H), "it is always open to [the court] to find that the interest of justice is best served by granting a continuance under s[ection] 3161(h)(7)." United States v. Buffalino, 683 F.2d 639, 645 (2d Cir. 1982). Congress created subsection (h)(7)

to "provide courts with the discretion to deal effectively with individual cases." United States v. Tunnessen, 763 F.2d 74, 76 (2d Cir. 1985). "[T]he trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197 (2d Cir. 1989).

In the present case it is relevant to note that, in tandem with other co-defendants, both Briggs and Sidebottom have participated in motions that have extended time with their consent. (See, e.g., Docket No. 194, ¶ 10.) Defendants joined a Motion for Extension of Time to file Pretrial Motions. (Docket No. 122.) Defendant Briggs also made a Motion of Bail Application (Docket No. 46.) Although Defendants now intend not to participate in future motions, (see id. at ¶ 47), both have joined in a further joint motion for discovery. (Docket No. 225.) Finally, Defendants have not identified the specific periods of time they consider to fall outside § 3161(h)(7).

In light of the generality of Defendants' assertions, the valid joinder of other co-defendants, and the various motions they have made, and continue to make, this Court cannot find any ground on which to grant either of their motions for immediate trial on the basis of 18 U.S.C. § 3161(c)(1). Consequently, Defendants' Motion for Immediate Trial will be denied, unless they can show that their Sixth Amendment speedy trial rights have been violated.

**B.    Defendants' Sixth Amendment Speedy Trial Claims**

Defendants Briggs and Sidebottom have also moved to dismiss the Indictment on the grounds that his Sixth Amendment speedy trial rights have been violated. (Docket No. 185, ¶ 2.)

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend VI. "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." United States v. Stone, No. 05-CR-401, 2006 WL 436012, at *6 (E.D.N.Y. Feb 22, 2006).

To determine whether there has been a constitutional speedy trial violation, courts look at four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. United States v. Jones, 129 F.3d 718, 724 (2d Cir. 1997) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972)). The four factors must be weighed together; no one factor is dispositive. Barker, 407 U.S. at 533.

Application of the first Barker factor weighs in the Defendants' favor. A delay in excess of eight months constitutes presumptive prejudice. See United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992) Although at the time Defendants filed their motions, Sidebottom and Briggs had been in detention for between 6 and 7½ months, over 4 months have since then passed. Nevertheless, "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria." Doggett v. United States, 505 U.S. 647, 656, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992).

With respect to the second Barker factor, Defendants argue that the government is responsible for the delay, having superceded the previous indictments in order to add additional defendants as well as to include matters of forfeiture that are unrelated to Defendant Sidebottom. Although intentional delay by the government would be a serious matter, Doggett v. United States, 505 U.S. 647, 656, 112 S. Ct. 2686, 120 L. Ed. 2d 520

(1992), here neither the government's decision to add defendants under the Second Superceding Indictment nor the forfeiture matters can be held against it. See United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008) (describing decision to add defendant as a valid reason for delay). When, as here, "there is no evidence that the [government] delayed the trial in bad faith, or to disadvantage the defendant, the second Barker factor does not weigh in the defendant's favor." Parilla v. Goord, 02-CV-5443, 2005 WL 1422132, at *7 (S.D.N.Y. Jun. 20, 2005).

The third Barker factor also weighs against the Defendants. Prior to bringing this motion, both Defendants had filed or joined in pending motions. (See, e.g., Docket No. 194, ¶ 10.) In addition, Defendants have waited until now to raise their rights to a speedy trial. "This is thus not an instance where the defendant has 'repeatedly and energetically asserted his rights.'" United States v. Gayatrinath, No. 02-cr-673, 2011 WL 873154, at *4 (S.D.N.Y. Mar. 11, 2011) (quoting Garcia Montalvo, 862 F.2d 425, 426 (2d Cir. 1988)). Defendant Sidebottom's conduct weighs especially against him because, by having previously jumped bail, he has disclaimed a desire for a speedy trial. See Rayborn v. Scully, 858 F.2d 84, 93 (2d Cir. 1988).

Lastly, this Court finds that the fourth Barker factor weighs against Defendant Sidebottom, and weighs only slightly in favor of Defendant Briggs. Barker identified three examples of prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense will be impaired by dimming memory or loss of exculpatory evidence or favorable witnesses. Barker, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532.

Here, Defendants allege generally that they suffer prejudice because pretrial detention makes it difficult to consult with counsel. However, Defendants do not with any specificity describe what they have been unable to discuss with counsel or what hardships they have experienced, such as destruction of evidence or death of a witness. See United States v. Larson, 627 F.3d 1198, 1209 (10th Cir.) (discussing ways defense could be hindered as a result of delay). The mere possibility of prejudice is not sufficient to shift the fourth Barker factor in Defendants' favor. See United States v. Perez-Cestero, 737 F. Supp. 752, 767 (S.D.N.Y. 1990) (quoting United States v. Loud Hawk, 474 U.S. 302, 315, 106 S. Ct. 648, 656, 88 L. Ed. 2d 640 (1986)). Indeed, Defendants' generalized allegations resemble those rejected by other courts. United States v. Williams, 372 F.3d 96, 113 (2d Cir. 2004) ("Witnesses have disappeared; recollections are dim; and the investigation is impaired" held insufficient).

Defendant Sidebottom argues that it would be prejudicial for him to sit with 23 other defendants in a courtroom against whom evidence would be presented, with only a nominal amount of that evidence relating to him. (Docket No. 198, ¶ 18.) However, there is a presumption in favor of assuming that jurors will follow the court's instructions and adequately weigh evidence against the appropriate defendant. United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) (quoting Richardson v. Marsh, 481 U.S. 200, 211, 107 S. Ct. 1702, 1709, 95 L. Ed. 2d 176 (1987)). Although there are narrow exceptions to this rule, see id. at 56, Defendants here do not allege any grounds sufficient to overcome the presumption.

Defendant Briggs argues that "continued detention harms his family's financial situation because he is not able to operate his clothing store." (Docket No. 194, ¶ 68.) The

Court has acknowledged that "time spent in jail awaiting trial has a detrimental impact . . . . [i]t often means loss of a job; it disrupts family life; and it enforces idleness." Barker, 407 U.S. at 532.  Although the detrimental impact claimed by Briggs does not rise to the level of impairment of his defense, it nevertheless "reaches the threshold level necessary to establish prejudice." McCarthy v. Manson, 554 F. Supp. 1275, 1306 (D.C. Conn. 1982).

Nevertheless, balancing the four Barker factors, this Court finds that Defendants' Sixth Amendment speedy trial rights have not been violated.  Although Briggs has shown some prejudice, neither Defendant has shown a particularized inability to prepare his defense.  Moreover, both Defendants have previously joined in motions that have contributed to the delay.  Taken together, Defendants' Motion for Immediate Trial on the basis of their Sixth Amendment speedy trial rights must be denied.

**C.     Defendants' Motion for Severance**

Each Defendant "requests that his case be severed from the co-defendants." (Docket No. 194, ¶ 70.)  Defendants argue that a joint trial would be prejudicial for the reasons previously stated.  (Docket Nos. 194, ¶¶ 68-69;198, ¶ 18.)

"A district court should grant a severance under Rule 14 [of the Federal Rules of Criminal Procedure] only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." United States v. Yousef, 327 F.3d 56, 150 (2d Cir. 2003).  There is, however, a strong public policy in favor of joint trials. United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991).  "Moreover, the presumption in favor of a joint trial is especially compelling where [] the crime involves a 'common scheme or plan.'" United States v. Pirro, 76 F. Supp. 2d 478, 483 (S.D.N.Y. 1999) (citing United States v.

Girard, 601 F.2d 69, 72 (2d Cir. 1979)). And the public interest becomes even stronger where the defendants are charged in the same conspiracy. Pirro, 76 F. Supp. 2d at 483 (citing cases). Under such circumstances, a joint trial is proper, absent a clear showing of prejudice. Girard, 601 F.2d at 72.

In this case, the public interest favors a joint trial. The alleged crimes involve a common scheme or plan. Additionally, in Count 1 of the Third Superseding Indictment, all defendants, including Briggs and Sidebottom, are charged in the same conspiracy. This constitutes an especially compelling public interest that may only be overcome through a clear showing of prejudice. Girard, 601 F.2d at 72. Defendant Sidebottom's argument that prejudice would result "if he should have to sit in a courtroom with 23 other defendants while evidence is produced against all of these other defendants with a nominal amount of evidence being provided by the Government as it relates to [him]" must be rejected. (Docket No. 198, ¶ 18.) Jury instructions can be tailored to ensure that jurors consider the evidence against the appropriate defendant. Jass, 569 F.3d at 55 (quoting Richardson, 481 U.S. at 211). Defendants have not identified any other particularized prejudice or trial right that would be infringed by a joint trial.[1]

. . .

For these reasons, Defendants' motion for severance is denied.

---

[1] This Court acknowledges that it must "require the prosecutor to make an 'especially compelling justification for a joint trial of more than ten defendants.'" United States v. Locascio, 357 F. Supp. 2d 536, 543 (E.D.N.Y. 2004) (quoting United States v. Casamento, 997 F.2d 1141, 1152 (2d Cir. 1989). The Government has charged that Briggs and Sidebottom, together with the other defendants, are part of the same conspiracy. Unlike cases where motions for severance have been granted to defendants not part of the same criminal enterprise, here all the defendants have been charged with being part of a single conspiracy. See United States v. Bellomo, 954 F. Supp. 630, 650 (S.D.N.Y. 1997). Given the compelling public interest at stake, this Court is confident of its ability to manage this trial with "fairness, patience, and sound judgment." Casamento, 887 F.2d at 1152.

**D. Defendants' Motion for Reconsideration of Pretrial Detention**

In the alternative, both Defendants seek reconsideration of their pretrial detention orders. Having considered all grounds put forward by Defendants, including their claims of prejudice, this Court sees no reason to disturb the Magistrate Judge's ruling.

This Court has previously denied Defendant Briggs' appeal from Judge Scott's detention order. (Docket No. 165). The grounds on which that decision were made remain. "This Court finds that the nature of Defendant's alleged offenses and his potential for a lengthy period of incarceration provide a motive to flee and weigh against release." (*Id.*) Furthermore, the evidence against the Defendant appears strong, consisting of intercepted communications involving Briggs. Moreover, Briggs has a criminal history of narcotics convictions. In light of this, as well as the various other grounds previously set forth by this Court, Briggs' Motion for Reconsideration of his Pretrial detention is denied.

Defendant Sidebottom similarly moves for reconsideration of his pretrial detention. This Court notes that since filing his motion, the Defendant has been released from custody to participate in an in-patient program. (Docket No. 228.) In light of this, Defendant Sidebottom's reconsideration of his pretrial detention order is denied as moot.

## IV. CONCLUSION

For the reasons stated above, the Motions for Immediate Trial based upon alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Sixth Amendment to the United States Constitution filed by Defendants Antonio Briggs and Jeffrey Sidebottom are denied. Further, the Motions for Severance and Reconsideration are also denied.

## V.  ORDERS

IT IS HEREBY ORDERED, that Antonio Briggs' Motion for Immediate Trial (Docket No. 194) is DENIED.

FURTHER, that Antonio Briggs' Motion for Severance (Docket No. 194) is DENIED.

FURTHER, that Antonio Briggs' Motion for Reconsideration of Pretrial Detention (Docket No. 194) is DENIED.

FURTHER, that Jeffrey Sidebottom's Motion for Immediate Trial (Docket No. 198) is DENIED.

FURTHER, that Jeffrey Sidebottom's Motion for Severance (Docket No. 198) is DENIED.

FURTHER, that Jeffrey Sidebottom's Motion for Reconsideration of Pretrial Detention (Docket No. 198) is DENIED as moot.


SO ORDERED


Dated: August 26, 2011
      Buffalo, NY

                                                /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                          United States District Judge