UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTONIO BRIGGS,

Defendant.

**DECISION AND ORDER**
10-CR-184S

## I. INTRODUCTION

Pending before the Court is a motion by defendant Antonio Briggs for reconsideration of his detention status and for release on bail (Dkt. No. 337). Defendant seeks release on bail because he has been held in pretrial detention for over 18 months, because his family circumstances favor release without concern about a risk of flight, because he has a chronic medical condition that requires attention, and because neither his criminal history nor the charges in this case suggest an inclination toward violence. The Government opposes reconsideration because this Court and Chief Judge Skretny together have reviewed defendant's detention several times and upheld it, and because defendant presents no new relevant information this time. To the extent that defendant's medical condition might not have been discussed or considered before, the Government considers it irrelevant.

The Court held oral argument on December 15, 2011. For the reasons below, the Court denies the motion.

## II. BACKGROUND

This case concerns allegations, developed across three indictments, that defendant and others conspired to possess and to distribute multiple controlled substances. In the third superseding indictment (Dkt. No. 202), filed on April 21, 2011, the Government charges defendant in three different counts. In Count One, the Government charges defendant with conspiracy to possess with intent to distribute, and actual distribution of, cocaine, cocaine base, heroin, 3,4-methylenedioxymethamphetamine ("MDMA"), oxycodone, hydrocodone, and marijuana, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 846. In Counts Two and Three, the Government charges defendant with using a telephone to commit a drug felony, in violation of 21 U.S.C. § 843(b).

This Court and Chief Judge Skretny together have assessed defendant's detention status on multiple occasions. This Court arraigned defendant on the original indictment on August 17, 2010; defendant has been in custody continuously since. On August 26, 2010, this Court held a detention hearing, at the end of which it ordered defendant detained as a flight risk and a danger to the community. Defendant appealed that ruling to Chief Judge Skretny, who

affirmed defendant's detention in a Decision and Order filed on March 4, 2011. (Dkt. No. 165.)

In that Decision and Order, Chief Judge Skretny considered the rebuttable presumption of flight risk and danger that arose under 18 U.S.C. § 3142(e)(3)(A) by way of the maximum term of imprisonment that defendant faces. Chief Judge Skretny also considered defendant's attempts to rebut the presumption by arguing "that he has significant ties to the Western New York area, no out-of-state contacts, no history of violence, and no history of mental health issues to corroborate the Government's contention that he may harm himself if released, and, further, that Pretrial Services recommended his release on non-financial bond in its August 27, 2010 Report." (Dkt. No. 165 at 3.) Chief Judge Skretny concluded that "the nature of Defendant's alleged offenses and his potential for a lengthy period of incarceration provide a motive to flee and weigh against release." (*Id.* at 4.) Chief Judge Skretny further concluded that the evidence against defendant appears to be strong, including evidence that defendant's family was involved in drug trafficking and that defendant's clothing store served as a cover for drug trafficking. Additionally, Chief Judge Skretny noted defendant's criminal history and the evidence indicating that defendant's family was attempting to learn the identities of confidential informants working with the Government so as to threaten them. Finally, Chief Judge Skretny cited an Amended Pretrial Services Report of February 8, 2011 that contained a

modified recommendation that defendant be detained. Ultimately, Chief Judge Skretny decided that defendant had a significant motive to flee and that both his history and his desire to hurt confidential informants posed a danger to the community. Chief Judge Skretny affirmed this Court's order of detention.

Later in the case, defendant took one more opportunity to challenge his detention before Chief Judge Skretny. On April 7, 2011, defendant filed a motion for severance and for an immediate trial. (Dkt. No. 194.) That motion ended with a request for alternative relief in the form of reconsideration of detention. (*Id.* ¶ 73.) In a Decision and Order filed on August 29, 2011 (Dkt. No. 282), Chief Judge Skretny denied the requests for severance and an immediate trial and also denied the request for alternative relief. Specifically, Chief Judge Skretny noted that he affirmed detention once before and that "[t]he grounds on which that decision were made remain." (*Id.* at 11.)

With the pending motion, defendant seeks review of his detention for a third time. In support of his motion, defendant notes the length of his detention, the pretrial motion practice of other co-defendants, and his willingness to waive pretrial motions. Defendant argues again that he has significant ties to Western New York and has never been charged with a violent offense. For the first time, defendant provides details about a chronic eye condition from which he suffers, a condition called keratoconus. This condition required surgery in 1994 and 2001. Defendant further mentions that release on conditions would allow him to

rescue his struggling urban clothing store, which has been in the hands of his brother since his arrest. Finally, defendant notes his inability to maintain a close relationship with his son, along with the burden that his wife has been carrying to support the family while he has been in jail. In opposition to the motion, the Government cites the previous reviews of defendant's detention and notes that no information has changed. With respect to defendant's eye condition, the Government offers no comment except to note that it is not a new condition and that it is not material to defendant's custody status.

## III. DISCUSSION

Before addressing the underlying substance of defendant's motion, the Court must address the two prior reviews of detention that Chief Judge Skretny already undertook in this case. Specifically, this Court needs to decide whether Chief Judge Skretny's prior orders upholding detention bar further consideration under the doctrine of the law of the case.[1] "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983) (citation omitted). As an example of how the doctrine operates, the Second Circuit has

---

[1] That the pending motion is before a Magistrate Judge while the prior orders affirming detention came from a District Judge by itself does not pose a problem, since this Court could issue a Report and Recommendation if it wanted to suggest a change in custody status.

stated that it "will adhere to its own prior rulings in a given case absent cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *U.S. v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (internal quotation marks and citations omitted).

Here, defendant has not given this Court any "cogent or compelling reasons" to recommend to Chief Judge Skretny that he revisit his prior affirmances of defendant's detention. As noted above, Chief Judge Skretny already has entertained and rejected two challenges from defendant to this Court's detention order. (*See generally* Dkt. Nos. 165, 282.) In the orders rejecting those challenges, Chief Judge Skretny already addressed the rebuttable presumption of flight and dangerousness stemming from the maximum penalties that defendant faces; defendant's ties to Western New York; the absence of out-of-state contacts or a history of violence; the absence of mental health issues; defendant's criminal history; the strength of the evidence against defendant; and the recommendation from the United States Probation Office, dated February 8, 2011, that defendant remain in custody.

In the pending motion, which functions essentially as a third request for reconsideration of bail, defendant mostly repeats information that Chief Judge Skretny already has reviewed twice. Only two pieces of information could be considered new but do not constitute exceptions to the law of the case doctrine.

Defendant has provided details and medical records about his chronic eye condition but has not asserted that any of this information became available after Chief Judge Skretny's orders. Defendant also has not asserted that he needs treatment available only outside of jail, or that his condition otherwise would improve as a result of a change in custody status. Second, Defendant has asserted that, obviously, his detention now has run longer than when he last requested reconsideration. Defendant's detention now stands at over 18 months, but length of detention by itself constitutes neither an exception to the law of the case doctrine nor a dispositive factor under the bail statute. *See U.S. v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) ("Length of detention will rarely by itself offend due process. This court has upheld projected pretrial detention periods of up to thirty-two months.") (internal quotation marks and citations omitted); *accord U.S. v. Beutler*, No. 09-CR-96, 2011 WL 3321374, at *1 (W.D.N.Y. Aug. 2, 2011) (McCarthy, *M.J.*) ("[Defendant's] approximately 26 months of pretrial detention, standing alone, does not violate due process.") (citing *Millan*).

In sum, then, defendant has gathered the same information about his case that was available during prior detention determinations and is hoping for a different outcome this time. Without any reason to conclude that legal or factual circumstances have changed, this Court finds that Chief Judge Skretny's prior

decisions are the law of the case and that no basis exists to recommend a revision of those decisions.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for reconsideration of detention (Dkt. No. 337).

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 12, 2012