UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                               **ORDER**
                                                                     10-CR-184S

ANTONIO BRIGGS, et al.,

           Defendants.

---

    1.     Defendant Antonio Briggs is charged in a multi-count, multi-defendant, Third Superseding Indictment with conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine, 28 grams or more of cocaine base, heroin, MDMA, oxycodone, hydrocodone, marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 846. (See Third Superseding Indictment; Docket No. 202.) Presently before this Court is Briggs' appeal of Magistrate Judge Hugh B. Scott's order of detention.

    2.     Briggs has been detained since his August 17, 2010 arraignment before Judge Scott. A detention hearing was held on August 26, 2010, at which Judge Scott ordered continued detention. He moved for release on September 14, 2010, but Judge Scott denied that motion. (Docket Nos. 46, 132.) He twice appealed that decision to no avail: this Court affirmed Judge Scott's order on March 3, 2011, and later on August 29, 2011.

    Briggs again moved for reconsideration of his detention status on November 18, 2011, which Judge Scott again denied. Briggs now appeals that Order.[1]

    3.     In each of the prior decisions denying release on bail, Judge Scott and this

---

[1] This Court reviews a magistrate judge's release order under a *de novo* standard. See, e.g., United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).

Court found that Briggs was a flight risk and posed a danger to the community. He does not currently take issue with those rulings. Instead, he argues that the length of his pre-trial detention warrants release under the Due Process Clause.

4. "Due process sets no bright-line limit on the length of pretrial confinement." United States v. Hill, 462 F. App'x 125, 127 (2d Cir. 2012) (citing United States v. Orena, 986 F.2d 628, 630 (2d Cir.1993); United States v. Melendez–Carrion, 820 F.2d 56, 59 (2d Cir. 1987)). "Thus, the 'length of detention will rarely by itself offend due process.'" Id. (citing United States v. Millan, 4 F.3d 1038 1044 (2d Cir. 1998)). Instead, courts must look to the totality of the circumstances. Accordingly, longer detentions—thirty-three months—have been upheld while shorter detentions—26 months—have been found unconstitutional. Compare United States v. El–Hage, 213 F.3d at 79-81, with United States v. Gonzales Claudio, 806 F.2d 334, 341 (2d Cir.1986). "To determine whether the length of pretrial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness." United States v. El–Hage, 213 F.3d 74, 79-80 (2d Cir. 2000).

5. Briggs has been detained for 23 months. Considering the totality of the circumstances, such a detention does not offend the Due Process Clause. This Court has found that "the nature of Defendant's alleged offenses and his potential for a lengthy period of incarceration provide a motive to flee and weigh against release." (Order dated March 3, 2011; Docket No. 165.) It has further found that the "evidence against the Defendant appears strong, consisting of intercepted communications involving Briggs.

Moreover, Briggs has a criminal history of narcotics convictions." (Order dated August 29, 2011; Docket No. 282.) Those circumstances have not changed. Given the seriousness of the allegations, the strength of the evidence against him, and "the inherent complexities of this large multi-defendant case" involving 24 alleged co-conspirators, reams of discovery, and extensive motion practice, this Court finds that Briggs' continued detention is justified at this time. See Hill, 462 F. App'x at 127 (delay of nearly 2 years justified under very similar circumstances).

****

IT HEREBY IS ORDERED, that Defendant's Appeal of the Magistrate Judge's Order of Detention is (Docket No. 398) is DENIED.

Dated:      July 13, 2012
            Buffalo, New York

                                              /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                  Chief Judge
                                           United States District Court